FILED '06 DEC 14 16:20 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES VERNON SPRAGUE, Petitioner,

v.

STATE OF OREGON, Respondent.

Civil No. 06-1277-TC

FINDINGS AND RECOMMENDATION

COFFIN, Magistrate Judge.

James Sprague petitions this court for a writ of habeas corpus prior to his pending trial on multiple sex offenses. He asks the court to direct the state of Oregon to dismiss the indictment against him, or in the alternative, to strike a number of identically worded counts in the indictment (counts 2-4, 6, 8-21, 23-26). For the reasons that follow, petitioner's petition for writ of habeas corpus (#1) should be denied and the case dismissed.

BACKGROUND

A grand jury indicted petitioner on 37 counts of sex abuse of a minor. Five groups of counts, each with identically worded allegations, comprise 36 of the 37 counts against petitioner. Count 1 through Count 4 allege that "on or between September 01, 2004 and June 25, 2005," petitioner engaged in "sexual intercourse with [victim], a child under the age of fourteen years[.]" Counts 5 and 6 allege that "on or between May 03, 2004 and June 25, 2005,"

petitioner engaged "in deviate sexual intercourse with [victim], a child under the age of fourteen years, by causing the sex organs of [victim] to come into contact with" petitioner's mouth. Count 7 through Count 21 allege that "on or between April 01, 2002 and June 25, 2005," petitioner subjected "[victim], a person under the age of 14 years, to sexual contact by touching her vagina[.]" Count 22 through Count 36 allege that "on or between April 01, 2002 and June 25, 2005," petitioner subjected "[victim], a person under the age of 14 years, to sexual contact by touching her breasts[.]" Count 37 charges petitioner with attempted rape in the first degree. Petition for Habeas Corpus, Ex. A, ER 1-5.

Petitioner pleaded not guilty to all charges, and trial was set for July 10, 2006, in Multnomah County Circuit Court. Petitioner moved to dismiss the indictment before trial on the basis that the use of identical counts in the indictment violated due process and double jeopardy guarantees under the state and federal constitutions. In the alternative, petitioner moved to dismiss the identically worded counts.

The trial court denied both motions. It did, however, order a number of measures designed to allay petitioner's due process and double jeopardy concerns. In order to ensure that petitioner is given notice of particularized conduct underlying each count, the trial court ordered the prosecution to provide petitioner with special verdict forms prior to trial, which would differentiate the counts by specifying which evidence would be used to support each count. That

measure, according to the trial court, would accomplish notice and permit petitioner to prepare a defense for each count, thereby allaying due process concerns. Moreover, because the verdict forms would require the jurors to evaluate each claim separately and with reference to particularized evidence, the jury would be prevented from punishing petitioner more than once for a single offense. Such a record would also allow petitioner to plead a former conviction or acquittal on any of the counts in the indictment. Furthermore, at the trial court's request, the prosecution stipulated that it will not prosecute petitioner in the future for sex crimes against the same victim committed during the time periods described in the indictment. Petition for Habeas Corpus, Ex. A, ER 45-52, 57-60.

Because trial has not occurred in this case, those orders have not yet been implemented. However, the trial judge who ordered those measures retains jurisdiction over the matter and would presumably implement them at trial. Petition for Habeas Corpus, Ex. A, ER 102.

After denying petitioner's motion to dismiss, the trial court set over the trial to allow petitioner to seek a writ of mandamus from the Oregon Supreme Court directing the trial court to dismiss the identical charges. The Oregon Supreme Court denied petitioner's application for the writ without an opinion.

Petitioner now seeks pretrial habeas corpus relief in this court. He asks the court to strike the duplicative counts prior to trial and ensure that he is tried only on counts specific enough to apprise him and the jurors of the alleged criminal conduct. Because petitioner's

request for relief is premature, the court should abstain from intervening in the ongoing state criminal proceeding, and the petition for writ of habeas corpus should be denied.[1]

ANALYSIS

1. Petitioner's Position

Criteria set forth in Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), provide the measure of whether the indictment satisfies due process and set the backdrop for petitioner's arguments. See James v. Borg, 24 F.3d 20, 25 (9th Cir.), cert. denied, 513 U.S. 935 (1994) (in habeas review, applying Russell for evaluating adequacy of state court indictment). Under Russell, an indictment comports with due process requirements where, in addition to describing each element of the offenses charged, it "sufficiently apprises the defendant of what he must be prepared to meet" at trial. 369 U.S. at 763-64 (internal quotation marks and citation omitted). In addition, the indictment must be specific enough to show, in conjunction with the trial record, "to what extent [a defendant] may plead a former acquittal or conviction" if faced with a subsequent prosecution for a similar offense. Id. at 764.

[1]As an initial matter, the court accepts the uncontested representations of petitioner's attorney concerning the restraints currently placed on petitioner's liberty. Reply to State's Opposition to Habeas Petition, 1-2. Those conditions place petitioner "in custody" for the purpose of his habeas corpus petition. See Means v. Navajo Nation, 432 F.3d 924, 928 (9th Cir. 2005), cert. denied, 127 S.Ct. 381 (2006) (conditions of pretrial release constitute custody for habeas corpus purposes).

In petitioner's view, the indictment, as presently formulated, deprives him of due process by (1) failing to provide notice of the particular charged conduct underlying the identically worded counts, and (2) preventing him from pleading a former conviction or acquittal, if he were later charged with similar offenses. He also asserts that the indictment places him at risk of double jeopardy because a trial on the identically worded counts will expose him to the possibility of (1) multiple punishment for single offenses in the instant case and (2) prosecution for the same offenses in a future criminal proceeding.

Petitioner's argument rests largely on Valentine v. Konteh, 395 F.3d 626 (6th Cir. 2005). There, the defendant was charged with 20 undifferentiated counts alleging sexual abuse and 20 undifferentiated counts alleging rape against the same victim. The counts were based on the victim's description of "typical" abusive conduct and an estimation of the number of instances when that conduct occurred; no evidence offered at trial differentiated the charges. Valentine was tried and convicted on all counts. He petitioned for a writ of habeas corpus on the basis that the sets of identically worded counts deprived him of due process by exposing him to the risk of multiple convictions for the same offense. Valentine, 395 F.3d at 629.

The court agreed, holding that the indictment violated the defendant's rights in two respects: "First, there was insufficient specificity in the indictment or in the trial record to enable Valentine to plead convictions or acquittals as a bar to future prosecutions." Id. at 634. Thus, because the trial record did not demonstrate how particular evidence could support each

undifferentiated count in the indictment, the indictment and trial deprived Valentine of protection against a second, future prosecution for any of the offenses on which he was convicted.

Second, the court continued, "the undifferentiated counts introduced the very real possibility that Valentine would be subject to double jeopardy in his initial trial by being punished multiple times for what may have been the same offense." Id. at 634-35. Again, because none of the counts were differentiated for the jurors by, for example, a presentation of evidence underlying each count, the Valentine jury's verdicts of guilty on all 20 counts, in both sets of identically worded charges, could have conceivably constituted 20 convictions for only two offenses.

Petitioner contends that the court should apply the holding in Valentine in this case. Petitioner argues that, like the defendant in Valentine, he is faced with the risk of future prosecutions for and multiple punishment of the same offense. Petitioner asserts that the measures that the trial judge has already taken -- (1) an order for issuance of special verdict forms to petitioner prior to trial specifying the evidence to be used to support each count, and (2) securing the prosecution's stipulation that petitioner will not be prosecuted in the future for sex crimes against the same victim arising from the period at issue in the indictment -- are insufficient per se.

Petitioner asserts that the use of the special verdict forms would allow the prosecution to arrogate its role to that of the grand jury because the prosecution would be permitted to reconstruct, based

on the evidence put before the grand jury, what conduct the grand jury determined should warrant charges. Such a practice, according to petitioner, cannot withstand constitutional scrutiny. Petitioner also asserts that the prosecution's stipulation to forego any future prosecution arising from conduct described in the indictment cannot adequately protect his due process rights. In his view, the only adequate remedy is the return of a second indictment detailing each charge with greater specificity. He asserts that once trial commences, jeopardy will attach, and the habeas court should act now to force the state to seek a second, more specific indictment from a grand jury.

The state, in turn, cites a number of authorities that validate the practices that the trial judge will implement but emphasizes that the court should not reach the merits of petitioner's arguments because Younger abstention is warranted. The court agrees that it should abstain from considering petitioner's claim.

2. Younger Abstention

An evaluation of petitioner's due process and double jeopardy arguments by the court at this time -- prior to any state criminal trial and subsequent appeals -- would constitute a federal intervention into an ongoing state criminal proceeding. The court's ability to intervene is limited, for reasons apparent in this case, by the Younger abstention doctrine. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Younger abstention operates on "the premise that ordinarily a pending state prosecution provides the

accused a fair and sufficient opportunity for vindication of federal constitutional rights." Aydiner v. Giusto and Hardy Myers, 401 F.Supp.2d 1129, 1132 (D. Or. 2005) (quoting Kugler v. Helfant, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)). Thus, where a party calls upon the federal court to address an asserted violation of a federal constitutional right, the court will abstain from doing so if (1) state judicial proceedings are still pending, (2) the state proceedings implicate important state interests, and (3) the state proceedings offer an adequate opportunity to put forward the federal question. Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

However, where a person subject to prosecution in a state criminal court can show that he or she will suffer "irreparable injury . . . both great and immediate" if the proceeding in the state court is not enjoined, comity gives way and intervention is warranted. Id. at 46. Because the interests supporting the policy of noninterference are critical to sound federalism, such exceptions are extraordinary. See id. at 431 (only "extraordinary circumstances" may warrant federal intervention into ongoing state proceedings).

One type of significant, irreparable injury that can warrant an exception to the Younger doctrine is the imposition of second trial after a defendant has been tried on the same offense. "The burden of a second trial is one of the harms that the double-jeopardy clause is intended to prevent, and a harm that (unlike the harm of conviction) is irreparable once the second trial has been conducted." Reimnitz

v. State's Attorney of Cook County, 761 F.2d 405 (7th Cir. 1985) (emphasis added).

Thus, courts have recognized an exception to Younger abstention in cases where a defendant seeks the intervention of the federal court when he or she is compelled to face a second state criminal trial on an already-adjudicated charge. E.g., Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992). In such cases, the federal court will not abstain from halting the second state proceeding "[b]ecause full vindication of the right necessarily requires intervention before [the second] trial." Id. at 1312 (emphasis added). Thus under those narrow circumstances, federal courts can "entertain pretrial habeas petitions that raise a colorable claim of double jeopardy." Mannes, 967 F.2d at 1312.

Petitioner asserts that the court should intervene in this case, notwithstanding the Younger doctrine, because allowing a trial on the indictment will subject him to the type of double jeopardy risks that warrant an exception to abstention. The court disagrees.

The facts of this case are significantly different from those that have produced the narrow exception to Younger abstention. Petitioner has not already been tried for any of the offenses in the indictment. Thus, he is not called to undergo a second trial on an already-adjudicated charge. Rather, his theory rests on altogether different interests protected by the Due Process and Double Jeopardy clauses: He asserts that the indictment would subject him to a risk of (1) multiple punishments for the same conduct at the pending state

court trial, and (2) to the possibility of future prosecution for an offense adjudicated in the pending trial.

Because petitioner is not now facing a second trial, he cannot claim that his very appearance before the state court to defend himself against the indictment constitutes irreparable injury under the Younger doctrine. See DeTourney v. Lungren, 1996 WL 193841, at *3 (N.D. Cal., Apr 10, 1996) ("As other courts have recognized, the concerns which led the Mannes court to carve out an exception to Younger in double jeopardy cases are not present when the petitioner is facing his first trial.").

Rather, the very harms that petitioner cites may be adequately remedied at his first trial through measures that the trial judge has already proposed. The special verdict forms would enable jurors to differentiate the counts, precluding multiple convictions for a single offense. Under factually similar published cases, courts have held that such a practice comports with the protections ensured by the Double Jeopardy and Due Process clauses. E.g., Alston v. Donnelly, __F.Supp.2d__, 2006 WL 3361117 (W.D. N.Y., Nov. 21, 2006) (identically worded counts did not violate double jeopardy where evidence at trial linked charges in indictment to specific events); State v. Register, 125 P.3d 1089, at *6 (Kan. App. 2006), petition for review denied (May 09, 2006) (same); State v. Yaacov, 2006 WL 2902794 (Ohio App. 8th Dist. 2006) (identically worded counts did not present due process notice problem where state, through victim's testimony, established separate occurrences underlying each count).

In addition, as noted above, the state has stipulated that petitioner will not be indicted for any future sex offenses against the same victim for conduct committed within the time periods alleged in the indictment. Petitioner enjoys that protection over and above the trial judge's own pledge to create a record that will pinpoint evidence underlying each of the charged counts, facilitating any future demonstration of former conviction or acquittal. See United States v. Barker, 623 F.Supp. 823, 837 (D. Colo. 1985) (an "indictment, together with the record evidence of exhibits and testimony" can afford "protection against any future prosecution on these same charges") (emphasis added).

Finally, even if the orders that the trial judge has already issued were to fall short of due process requirements for some reason, we do not assume that the trial judge will fail to take further measures to protect petitioner's rights. See Middlesex County Ethics Committee, 457 U.S. at 431 ("Minimal respect for the state processes . . . . precludes any presumption that the state courts will not safeguard federal constitutional rights.") (emphasis in original).

As the Seventh Circuit has explained, "the only objective of the double jeopardy clause that cannot be adequately protected by appeal from (or collateral attack on) a judgment of conviction in the second prosecution" is "the policy of avoiding multiple trials" for the same offense. United States ex rel. Stevens v. Circuit Court of Milwaukee County, 675 F.2d 946, 948 (7th Cir. 1982) (internal citation and quotation marks omitted; emphasis added). That policy is simply not

implicated in this case. Petitioner has not cited any cases in which the Younger doctrine was found inapplicable on the theories that he presents. In sum, petitioner has not demonstrated the type of claim that may qualify for the narrow exception to Younger abstention.

Thus, the analysis returns to the Younger abstention factors, which are clearly satisfied in this case. As explained above, the state litigation is pending; petitioner has not been tried on any of the offenses described in the indictment, and litigation may continue in Oregon appellate courts. See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts") (emphasis added).

Second, there is no doubt that the litigation implicates important state interests; petitioner is accused under Oregon law of crimes occurring in Multnomah County.

Third, petitioner will have a number of opportunities to raise the federal questions in his petition. Should any of the trial judge's mechanisms designed to safeguard petitioner's rights fail, petitioner has preserved his claim of error for purposes of direct appeal. See State v. Hitz, 766 P.2d 373, 375-76 (Or. 1988) (describing preservation requirements).

In sum, the measures already ordered by the trial judge in petitioner's pending criminal trial indicate to the court that

petitioner is not at risk of the great, immediate, irreparable injury, that would require the court to forego Younger abstention. Because petitioner's claims may be adequately addressed by measures at trial, any federal intervention is premature.

CONCLUSION

Petitioner's petition for writ of habeas corpus (#1) should be denied, and this case should be dismissed. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 14 day of December, 2006.

THOMAS M. COFFIN
United States Magistrate Judge